UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

| | |
|---|---|
| MICHAEL HUGHES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRYSLER CAPITAL, AN ASSUMED )<br>NAME CORPORATION OF )<br>SANTANDER CONSUMER USA INC. )<br>)<br>Defendant. )<br>)<br>Serve: CT Corporation System )<br>       306 W Main Street, Suite 512 )<br>       Frankfort, Kentucky 40601 )<br>_____) | Case No. 3:16-CV-554-DJH<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

\* \* \* \* \*

**PRELIMINARY STATEMENT**

1. This is an action for damages due to the unfair business practices of Chrysler Capital, an Assumed Name Corporation of Santander Consumer USA Inc. ("Chrysler"). Chrysler is attempting to collect on a retail installment contract it had with Mr. Hughes, although it previously represented to him that the contract was paid in full, in violation of the Fair Credit Reporting Act, the Kentucky Consumer Protection Act, and Kentucky common law. This action further seeks a declaratory judgment resolving the account at issue.

2. Mr. Hughes entered into a retail installment contract with Chrysler. He later sold the vehicle financed by the retail installment contract. He asked the buyer to send payment to Chrysler to satisfy the contract. After receiving payment, Chrysler assured Mr. Hughes that it had received payment and that it would release its lien. As a result, he gave keys to the vehicle

to the buyer. Chrysler was subsequently unable to process the payment sent by the buyer. Though it had assured Mr. Hughes that the contract was paid in full, and sent Certificate of Title to the buyer, it is now attempting to collect on the contract from Mr. Hughes and is reporting alleged account deficiencies to credit reporting agencies.

## PARTIES, JURISDICTION, AND VENUE

3. Michael Hughes is a resident of Springfield, Washington County, Kentucky, which is located in this judicial district. At all times relevant to this action, he was a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Defendant Chrysler Capital is an Assumed Name Corporation of Santander, a Texas Corporation that does extensive business within this judicial district.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States.

6. Further, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue in this district is proper because Chrysler transacts business in this district and Mr. Hughes resides in this district.

## FACTS

8. In January 2014, Michael Hughes and Chrysler entered into a retail installment contract to finance a 2014 Dodge Challenger. The account number was #0961322.

9. Mr. Hughes later decided to sell the vehicle, and found a buyer in August 2014.

10. The buyer represented himself as Jeff Williams and as being from the Chicago, Illinois area.

11. Mr. Hughes requested that the buyer make payment directly to Chrysler so that its lien would be satisfied.

12. The buyer sent payment to Chrysler.

13. On August 30, 2014, Chrysler sent Mr. Hughes a letter informing him that retail installment contract account #0961322 "was paid in full." *See* Exhibit A. The letter further advised Mr. Hughes that Chrysler would send him Certificate of Title and instructed him how to remove Chrysler's name from the title.

14. After Chrysler assured Mr. Hughes that it had received payment and that Chrysler would release its lien, Mr. Hughes gave the buyer keys to the vehicle.

15. Chrysler sent Certificate of Title to the buyer, not to Mr. Hughes.

16. On September 17, 2016, Chrysler contacted Mr. Hughes to tell him the buyer's check could not be processed and demanded that Mr. Hughes bring the account current.

17. On September 26, 2016, Mr. Hughes filed a police report for theft of the vehicle.

18. The vehicle was eventually found in Albuquerque, New Mexico, in possession of a person who bought the vehicle from Mr. Hughes' buyer. Albuquerque police permitted that person to keep the vehicle.

19. Despite the fact that Chrysler assured Mr. Hughes that it had received payment in full, that it would release its lien, that it sent Certificate of Title to the buyer, and that Mr. Hughes does not have possession of the vehicle, Chrysler continues to try to collect an amount in excess of $28,000 from Mr. Hughes.

20. Further, Chrysler further began reporting alleged account deficiencies to credit reporting agencies.

21. As a consequence of Chrysler's conduct as described above, Mr. Hughes has been damaged in an amount to be determined at trial.

## COUNT 1:
## NEGLIGENT NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT

22. Mr. Hughes incorporates by reference the allegations previously set forth in this Complaint.

23. By engaging in the conduct set forth above, Chrysler violated its duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

24. Chrysler's violations of the FCRA constitute negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o.

25. Chrysler's actions caused Mr. Hughes to suffer emotional and mental distress, anxiety, inconvenience, embarrassment, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to his credit score, credit rating, and perceived credit worthiness.

26. Mr. Hughes demands that Chrysler correct this inaccurate credit reporting and disclose all credit reporting agencies to whom they reported this inaccurate credit reporting, such that an investigation into the report may commence pursuant to 15 U.S.C. § 1681i.

27. In addition to actual damages, interest, expenses and court costs, Mr. Hughes is entitled to attorney fees and statutory damages pursuant to 15 U.S.C. § 1681n.

## COUNT 2:
## KENTUCKY CONSUMER PROTECTION ACT

28. Mr. Hughes incorporates by reference the allegations previously set forth in this Complaint.

29. Chrysler's conduct, as described herein, constitutes unfair and/or misleading acts or practices in the conduct of a trade or commerce and thus violates Kentucky's Consumer Protection Act, KRS § 367.170, *et seq.*

30. In addition to compensatory damages, interest, expenses, and court costs, Mr. Hughes is entitled to punitive damages and an award of attorney fees in prosecuting this action.

## COUNT 3:
## PROMISSORY ESTOPPEL

31. Mr. Hughes incorporates by reference the allegations previously set forth in this Complaint.

32. Chrysler assured Mr. Hughes that the account was paid in full and that it was releasing the title.

33. In reliance on that assurance, Mr. Hughes gave keys to the vehicle to the buyer.

34. Injustice can be avoided only by enforcement of Chrysler's assurance.

35. As a result of Chryser's conduct, Mr. Hughes has suffered injury and damages in an amount to be determined at trial.

## COUNT 4:
## DECLARATORY JUDGMENT

36. Mr. Hughes incorporates by reference the allegations previously set forth in this Complaint.

37. A dispute has arisen concerning the parties' rights and obligations under their contract.

38. An actual case and controversy exists between Mr. Hughes and Chrysler.

39. Accordingly, Mr. Hughes request that this Court enter a declaratory judgment on an expedited basis, pursuant to 28 U.S.C. § 2201, declaring that the contract is unenforceable and

that Chrysler may take no actions to collect from Mr. Hughes on the contract, including but not limited to making any credit reports regarding the contract.

40. Mr. Hughes further requests this Court docket this matter for an early hearing pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

**PRAYER FOR RELIEF**

Wherefore, Mr. Hughes demands relief against Chrysler as follows:

a. Entry of a Judgment against Chrysler to compensate Mr. Hughes for damages to which he is entitled, including but not limited to actual, compensatory, statutory and punitive damages;

b. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

c. Trial by jury on all issues so triable;

d. An award of attorney's fees and costs herein incurred;

e. Any and all other relief to which Mr. Hughes may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

    Respectfully submitted,

    CRAIG HENRY PLC
    Aaron J. Bentley
    James Craig

    /s/ Aaron J. Bentley
    239 S. Fifth Street, Suite 1400
    Louisville, Kentucky 40202
    Telephone: (502) 614-5962
    Facsimile: (502) 614-5968
    abentley@craighenrylaw.com
    jcraig@craighenrylaw.com

    *Counsel for Michael Hughes*